(80 Misc. Rep. 498.)

BUCKSDORF v. BENDER et al.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. BROKERS (§ 49*)—COMMISSIONS—WHEN EARNED.

A broker employed to procure a person ready, able, and willing to contract for the exchange of real estate on terms satisfactory, who agrees that he is not entitled to any commission unless everything is satisfactory to both parties to this exchange, is not entitled to commissions unless he produces a person willing to exchange on the terms named by the owner.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

2. APPEAL AND ERROR (§ 173*) — QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT.

Where an action by a broker for commissions was, without exception, tried and submitted to the jury on the theory of employment, the point that there was no evidence of employment could not be raised on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

3. BROKERS (§ 86*)—COMMISSIONS—WHEN EARNED—EVIDENCE.

In an action by a broker for commissions for procuring one ready, able, and willing to contract for the exchange of real estate, evidence *held* to support a verdict that a contract of exchange was procured without any misrepresentation of fact, and it was error to set aside the verdict as against the weight of the evidence.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Ethel Bucksdorf against Arthur J. Bender and another. From an order setting aside a verdict for plaintiff and directing a new trial, on the ground that the verdict was against the weight of the evidence, plaintiff appeals. Reversed, and verdict reinstated.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Henry Kuntz, of New York City (M. Spencer Bevins and Abraham P. Wilkes, both of New York City, of counsel), for appellant.

Cornelius J. Earley, of New York City (S. J. Bischoff, of New York City, of counsel), for respondents.

GERARD, J. The complaint sets up an action for brokerage commissions alleged to have been earned by one Potash, plaintiff's assignor, in procuring a person who was ready, able, and willing to enter into a contract of exchange of certain real estate owned by defendants in Allentown, Pa., for property in New York City, upon terms satisfactory to the defendants.

Potash testified that the defendants employed him to exchange for them certain property which they owned in Allentown for some other property; that he submitted to them a proposition to exchange their property for an apartment house in the city of New York owned by a corporation of which one Guthman was president. Potash procured from the defendants the following paper:

"Mr. Philip Potash: We will make you the following proposition for the southwest corner of Convent avenue and 147th street: We will take the property subject to a first mortgage of $135,000, give $20,000 cash, and give back a second mortgage of $15,000. My 5½ acres of R. R. factory site is to be taken at $75,000, subject to a first mortgage of $25,000 at 6 per cent. All other conditions regarding the income, expenses, as well as a clear title, must be guaranteed as statement rendered me. Also all other terms must be satisfactory to us.

"Yours respectfully,                  Arthur J. Bender.
"Philip Nadig."

This paper was dated July 18, 1912. Before the defendants made this offer, they claimed that Guthman furnished to them a statement as to the taxes, expenses, etc., of the New York property. This statement, according to defendants, contained an item of $1,400 for taxes, and the total expenses and taxes as totaled on the paper were $11,201.

Guthman examined the property in Allentown, and Potash obtained from Guthman a statement to the effect that he would exchange on the following terms:

"The price for his property, $220,000, payable as follows:

| | |
|---|---:|
| Cash on contract | $ 3,000 |
| Cash on passing of title | 17,000 |
| Existing mortgage | 135,000 |
| Equity Allentown | 50,000 |
| Purchase-money mortgage, 5 years, 6%, $1,500 payable semiannually | 15,000 |
| Total | $220,000 |

"Yours truly,                  William Guthman."

After Guthman gave this statement, Potash telegraphed the defendants that everything was satisfactory on their own terms, and that

they should come to New York to close the contract. Defendants then informed Potash that they would not exchange on these terms.

The defendants claim that on July 18, 1912, Potash had signed a statement saying:

"I hereby agree not to be entitled to any commissions whatsoever, unless everything is satisfactory to both parties.        P. Potash."

[1] The first question is whether this paper, signed by Potash, prevents his recovery unless an exchange was actually made. I think not. I think that the fair construction of this paper simply means that Potash was not to be entitled to commissions unless he produced a person willing to exchange on the terms named by defendants.

[2] The first point made by the respondents in their brief is that there was no evidence that plaintiff's assignor was employed by the defendants to sell or exchange the property. No such issue was raised in the court below, and the case having been submitted to the jury on the theory of employment, without exception, that point cannot now be raised.

[3] The other point relied on is the claim made by defendants that the statement submitted to them as to the expenses and taxes on the property by Guthman was false, in that it stated that the taxes were $1,400, when, as a matter of fact, the taxes were $2,400 or more. The statement as offered in evidence by defendants contained the item "Taxes $1,400," but Guthman, who testified as a witness, claimed that at the time the statement was delivered by him to the defendant Bender, the item read "Taxes, $2,400," and that the paper had been altered by changing this item from $2,400 to $1,400, and by changing the total from $12,201 to $11,201. An inspection of this paper shows that it has been altered. This question of fact was properly submitted to the jury, and resolved by them in favor of the plaintiff; that is, the jury found by their verdict that Guthman had not misrepresented the taxes, and that this item of taxes had originally been $2,400, and not $1,400, as the item now appears on the altered paper.

The learned court below set the verdict aside on the ground that the agreement for the exchange was procured by a representation clearly contrary to fact. This question, however, as to the alteration of the paper, was one peculiarly within the province of the jury, and I can see no reason for disturbing their finding.

The order setting the verdict aside, therefore, must be reversed, with costs, and the verdict reinstated, with costs. All concur.